IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:23-CV-493-RJC-DCK

| | |
|---|---|
| REBECCA H. MITCHELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| BURN AND RECONSTRUCTIVE CENTERS ) | |
| OF AMERICA, LLC, HCA MANAGEMENT ) | |
| SERVICES, LP, CAPITAL DIVISION, INC., ) | |
| COSCORP, LLC, and CHIPPENHAM & ) | |
| JOHNSTON-WILLIS HOSPITALS, INC., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion For Leave To Conduct Jurisdictional Discovery And For An Extension Of Time To Respond To Defendants' Motions To Dismiss" (Document No. 23) filed September 22, 2023, "Defendant Burn And Reconstructive Centers Of America, LLC's Motion To Dismiss Verified Amended Complaint" (Document No. 16) filed September 6, 2023, and "Chippenham's Motion To Dismiss" (Document No. 19) filed September 6, 2023. These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will grant the motion for jurisdictional discovery and deny the motions to dismiss as moot.

## BACKGROUND

Plaintiff filed her original "Complaint" in Mecklenburg County Superior Court on January 18, 2023. See (Document No. 1, p. 1). Plaintiff filed a "Verified Amended Complaint" (Document No. 1-1) ("Amended Complaint") against Defendants Burn and Reconstructive Centers of

America, LLC ("BRCA"), HCA Management Services, LP ("HCA"), Capital Division, Inc., COSCORP, LLC, and Chippenham & Johnston-Willis Hospitals, Inc. ("Chippenham") (collectively, "Defendants") in Mecklenburg County Superior Court on July 7, 2023. Defendant HCA Management Services, LP, "with the consent of all other defendants," removed the case to this court by filing a "Notice Of Removal From State Court" (Document No. 1) on August 7, 2023.

"Defendant Burn And Reconstructive Centers Of America, LLC's Motion To Dismiss Verified Amended Complaint" (Document No. 16) was filed September 6, 2023. "Chippenham's Motion To Dismiss" (Document No. 19)[1] was filed September 6, 2023. "Plaintiff's Motion For Leave To Conduct Jurisdictional Discovery And For An Extension Of Time To Respond To Defendants' Motion To Dismiss" (Document No. 23) was filed September 22, 2023. On September 29, 2023, the undersigned granted Plaintiff an extension of time through October 18, 2023 to respond to the pending motions to dismiss. See (Document No. 25). "Plaintiff's Consolidated Response Brief In Opposition To Defendants' Motions To Dismiss Under Rule 12(b)(2) And Rule 12(b)(6)" (Document No. 29) was filed October 18, 2023. "Chippenham's Response In Opposition To Plaintiff's Motion For Jurisdictional Discovery" (Document No. 26) was filed October 5, 2023. "Defendant Burn And Reconstructive Centers Of America, LLC's Response Brief In Opposition To Plaintiff's Motion For Leave To Conduct Jurisdictional Discovery" (Document No. 27) was filed October 6, 2023. "Plaintiff's Reply Brief In Support Of Her Motion For Jurisdictional Discovery" (Document No. 28) was filed October 10, 2023. "Defendant Burn And Reconstructive Centers Of America, LLC's Reply Brief In Support Of

---

[1] "Chippenham" refers to Defendants Chippenham & Johnston-Willis Hospitals, Inc., HCA Management Services, LP, Capital Division, Inc., and Coscorp, LLC, as stated in the opening paragraph of the motion. See (Document No. 19, p. 1).

Motion To Dismiss" (Document No. 34) was filed November 1, 2023. "Chippenham Defendants' Reply Brief In Support Of Dismissal" (Document No. 35) was filed November 1, 2023.

In her Amended Complaint, Plaintiff alleges that she was employed by BRCA. (Document No. 1-1, p. 1). BRCA, Plaintiff alleges "is a Georgia limited liability company." Id. at p. 2. Plaintiff alleges that "[d]uring the hiring process, Mrs. Mitchell informed BRCA that she (and her husband) may be moving to Charlotte, North Carolina within the first few months of 2020 and that she and her family would no longer reside in Georgia." Id. at p. 7. Allegedly, "BRCA approved of Mrs. Mitchell relocating to North Carolina and…assisted [her] in obtaining the necessary professional licensure for North Carolina to permit her to work for BRCA and reside in Charlotte." Id. at p. 7. While she was employed by BRCA, BRCA and HCA, "BRCA's nearly exclusive and dominant client," entered into a contract that required Plaintiff "to work full-time for HCA's Chippenham Hospital for one year and assist HCA in obtaining a mandatory certification from Virginia regulators that would permit HCA to operate a burn center at HCA Chippenham." Id. at pp. 1-2. During her work on the project, Plaintiff alleges that she obtained information that "HCA had concealed material information from Virginia regulators and intended to continue to do so." Id. at p. 2. Allegedly, when she raised the issue with BRCA management, "BRCA and HCA undertook a coordinated, agreed-upon plan" to "pressure Mrs. Mitchell into participating in what she believed to be continued regulatory deception." Id. When Plaintiff refused to participate in such a scheme, BRCA allegedly "remove[d] her from the project and terminate[d] her employment." Id.

Plaintiff brings five claims against Defendants: (1) for wrongful termination of employment; (2) for civil conspiracy to commit wrongful termination of employment; (3) for

breach of contract; (4) for tortious/intentional interference with contract; and (5) for violation of North Carolina's Unfair and Deceptive Trade Practices Act. Id. at pp. 27-33.

**STANDARDS OF REVIEW**

A party invoking federal court jurisdiction has the burden of establishing that personal jurisdiction exists over the defendant. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005); Combs v. Bakker, 886 F.2d 673, 676 (1989). "[T]he party asserting jurisdiction need only make a prima facie showing that jurisdiction exists" when the court decides a motion to dismiss…"only on the written submissions of the parties." Barclays Leasing, Inc. v. Nat'l Bus. Sys., Inc., 750 F. Supp. 184, 186 (W.D.N.C. 1990). "Mere allegations of in personam jurisdiction are sufficient for a party to make a prima facie showing." Id.

Pursuant to Rule 26 of the Federal Rules of Civil Procedure,

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…[and f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.

US Airline Pilots Ass'n v. Velez, 3:14-CV-577-RJC-DCK, 2015 WL 3506052, at *2 (W.D.N.C. Apr. 2, 2015) (citing Fed.R.Civ.P. 26(b)(1)).

"District Courts are granted broad discretion in resolving discovery issues pending before them." Celgard, LLC v. Shenzhen Senior Tech. Material Co. Ltd., 3:20-CV-130-GCM, 2021 WL 232130, at *1 (W.D.N.C. Jan. 22, 2021) (citing Mylan Labs, Inc. v. Akzo, N.V., 2 F.3d 56, 64 (4th Cir. 1993)). "Such discretion extends to deciding issues of whether to grant early or additional discovery in disputes regarding personal jurisdiction." Id.

**DISCUSSION**

After careful consideration of the motion and the record, the undersigned finds good cause to allow jurisdictional discovery. This matter is still in the earliest stages of litigation – no initial

4

attorneys' conference has been conducted and discovery has not formally commenced. The undersigned is particularly mindful of the Supreme Court's directive that the discovery rules are to be accorded "broad and liberal" construction. Herbert v. Lando, 441 U.S. 153, 177 (1979). Case law suggests that where a plaintiff "can show that discovery is necessary in order to meet defendant's challenge to personal jurisdiction, a court should ordinarily permit discovery on that issue unless plaintiff's claim appears to be clearly frivolous." Celgard, LLC, 2021 WL 232130, at *1 (quoting Rich v. KIS Cal., Inc., 121 F.R.D. 254, 259 (M.D.N.C. 1988)); see also Mylan Labs, Inc., 2 F.3d at 64. This Court has, in fact, granted motions for jurisdictional discovery liberally, while simultaneously denying pending motions to dismiss. See Bermeo v. Andis, 3:22-CV-505-FDW-DCK, 2023 WL 1768138 (W.D.N.C. Feb. 3, 2023); Global Plasma Solutions v. Elsevier, 3:22-CV-034-RJC-DSC, 2022 WL 2679458 (W.D.N.C. July 11, 2022).

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion For Leave To Conduct Jurisdictional Discovery And For An Extension Of Time To Respond To Defendants' Motions To Dismiss" (Document No. 23) is **GRANTED** with respect to jurisdictional discovery. Plaintiff may submit up to ten (10) interrogatories and ten (10) requests for production of documents to each Defendant, and may notice depositions of each Defendant, all related to personal jurisdiction issues only in this matter, on or before **June 14, 2024**. Limited jurisdictional discovery shall be completed on or before **June 28, 2024**.

**IT IS FURTHER ORDERED** that "Defendant Burn And Reconstructive Centers Of America, LLC's Motion To Dismiss Verified Amended Complaint" (Document No. 16) and "Chippenham's Motion To Dismiss" (Document No. 19) are **DENIED as moot**, without prejudice to refiling such motions at the close of jurisdictional discovery, if appropriate.

**SO ORDERED**.

Signed: May 29, 2024

David C. Keesler
United States Magistrate Judge