UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-CV-00493-MEO-DCK

| | |
|---|---|
| REBECCA H. MITCHELL,<br><br>Plaintiff,<br><br>v.<br><br>BURN AND RECONSTRUCTIVE CENTERS OF AMERICA, LLC, ET AL.<br><br>Defendants. | MEMORANDUM & ORDER |

**THIS MATTER** is before the Court on Defendant Burn and Reconstructive Centers of America, LLC's ("BRCA") and Capital Division, Inc., Chippenham & Johnson-Willis Hospitals, Inc., Coscorp, LLC, and HCA Management Services, LP's (collectively, "Chippenham") Motions to Dismiss (Doc. Nos. 58, 62); the Magistrate Judge's Memorandum and Recommendation ("M&R") (Doc. No. 71); the parties' objections to the M&R (Doc. Nos. 72, 76); and Plaintiff's Motion for Leave to File Third Amended Complaint (Doc. No. 75). For the reasons explained below, the Court will deny Plaintiff's Motion for Leave to File Third Amended Complaint; adopt in part and not adopt in part the M&R; grant BRCA's Motion to Dismiss (Doc. No. 58); and grant in part and deny in part Chippenham's Motion to Dismiss (Doc. No. 62).

## I. BACKGROUND

No party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as set forth in the M&R.

## II. LEGAL STANDARD

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(3). After reviewing the record, the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge or recommit the matter with instructions. *Id.*

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests whether the complaint is legally and factually sufficient. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Twombly*, 550 U.S. at 570; *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010), *aff'd sub nom. Coleman v. Ct. of Appeals of Md.*, 566 U.S. 30 (2012). A court need not accept a complaint's "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The

Court, however, accepts all well-pleaded facts as true and draws all reasonable inferences in Plaintiff's favor. *See Conner v. Cleveland Cnty. N. Carolina*, 22 F.4th 412, 416 (4th Cir. 2022); *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

In so doing, the Court "must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Pa. Nat'l Mut. Cas. Ins. Co. v. Beach Mart, Inc.*, 932 F.3d 268, 274 (4th Cir. 2019). Construing the facts in this manner, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Pledger v. Lynch*, 5 F.4th 511, 520 (4th Cir. 2021) (internal quotation marks omitted) (quoting *Ashcroft*, 556 U.S. at 678). Thus, a motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992).

## III. DISCUSSION

The Magistrate Judge recommends granting in part and denying in part Defendants' Motions to Dismiss. Specifically, the Magistrate Judge recommends dismissing Counts I, II, V, and VI and recommends Counts III and IV[1] survive. Defendants object to the M&R's recommendation that this Court deny their Motions to Dismiss as to Count III, Plaintiff's breach of contract claim based on a

[1] The Magistrate Judge recommends that Count IV proceed based solely on an alleged tortious interference with Plaintiff's employment contract with BRCA. The Magistrate Judge concluded that Plaintiff failed to state a claim for tortious interference with the service agreement between BRCA and Chippenham.

third-party-beneficiary theory. (Doc. No. 72). Plaintiff objects to the M&R's recommendation that this Court dismiss Count I, her wrongful termination claim, and Count II, the related civil conspiracy claim. Neither party objects to the portions of the M&R recommending that this Court dismiss Counts V and VI, Plaintiff's claims for Violation of North Carolina's Unfair and Deceptive Trade Practices Act ("UDTPA") and Violation of the False Claims Act ("FCA") Anti-Retaliation Provision. Further, neither party objects to the portion of the M&R recommending that the Court deny Chippenham's Motion to Dismiss as to Count IV, Plaintiff's claim for tortious interference with her employment contract.

### A. Counts IV, V, and VI: Tortious Interference with Contract, Violation of NC's UDTPA, and Violation of the FCA Anti-Retaliation Provision

Under Rule 72(b) of the Federal Rules of Civil Procedure, a district court judge shall make a *de novo* determination of any portion of an M&R to which specific written objection has been made. A party's failure to make a timely objection is accepted as an agreement with the conclusions of the Magistrate Judge. *See Thomas v. Arn*, 474 U.S. 140, 149–52 (1985). No party has objected to the Magistrate Judge's recommendation that this Court dismiss Counts V and VI, Plaintiff's claims for violations of North Carolina's UDTPA and the FCA Anti-Retaliation Provision, or that this Court deny Chippenham's Motion to Dismiss as to Count IV, tortious interference with contract. The time for filing objections has passed. Therefore, the parties have waived their right to de novo review of any issue as to these portions of the M&R. Nevertheless, this Court has conducted a full review of the M&R and other documents of record and, having done so, hereby finds that the recommendation of

the Magistrate Judge is, in all respects, in accordance with the law and should be approved. Accordingly, the Court will adopt the recommendation of the Magistrate Judge and grant Defendants' Motions to Dismiss Counts V and VI and deny the Chippenham's Motion to Dismiss Count IV. Specifically, Count IV may proceed only on a theory of tortious interference with Plaintiff's employment contract.

### B. Count III: Breach of Contract and Plaintiff as a Third-Party Beneficiary

As to Plaintiff's breach of contract claim, the Magistrate Judge concluded that under Virginia law, Plaintiff sufficiently pled that she was a third-party beneficiary of the service agreement (the "Agreement") between BRCA and Chippenham in that BRCA and Chippenham intended to confer a direct benefit upon her. (Doc. No. 71 at 9–10). Defendants object, contending that the Magistrate Judge erred in concluding that Plaintiff was a third-party beneficiary of the Agreement. *Id.* at 2. The Court agrees with Defendants that Plaintiff has not plausibly alleged she is an intended third-party beneficiary of the Agreement, and the Court will dismiss Count III on that basis.

Virginia's[2] well-established third-party beneficiary doctrine is codified at Va. Code § 55.1-119 (formerly § 55-22). *Tingler v. Graystone Homes, Inc.*, 834 S.E.2d 244, 268 (Va. 2019). Under § 55.1-119, a third party who is not a party to a contract may sue upon a covenant or promise in that contract if the agreement was made, in whole or in part, for that third party's benefit. Va. Code § 55.1-119. "It is well-settled that

[2] The Magistrate Judge concluded that Virginia law governs the interpretation of the Agreement, and the parties did not object to that conclusion. Accordingly, the Court adopts that recommendation as its own.

this provision 'enables a third party to take an interest under an instrument, although not a party to it, if the promise is made for the third party's benefit and the evidence shows that the contracting parties *clearly and definitely intended* to confer a benefit upon such third party.'" *BIS Computer Sols., Inc. v. City of Richmond, VA*, 122 F. App'x 608, 611 (4th Cir. 2005) (quoting *Ashmore v. Herbie Morewitz, Inc.,* 475 S.E.2d 271, 275 (Va. 1996)). "A third party who would only 'indirectly' or 'incidentally' benefit from performance of the contract does not qualify as a third party beneficiary, even if failure to perform would injure the third party." *Coonley v. Wells Fargo Bank, Nat'l Ass'n*, No. 3:18-CV-00192-JAG, 2018 WL 6787941, at *2 (E.D. Va. Dec. 26, 2018), *aff'd*, 776 F. App'x 797 (4th Cir. 2019) (citing *Env't Staffing Acquisition Corp. v. B & R Const. Mgmt., Inc.*, 725 S.E.2d 550, 554 (Va. 2012)).

"Whether a contract is intended for the benefit of a third person is generally regarded as an issue of construction and the intention of the parties is determined by the terms of the contract as a whole." *Envtl. Staffing Acquisition Corp.*, 725 S.E.2d at 553 (citation modified). However, "evidence of such intent need not be limited to the four corners of the contract." *Tingler v. Graystone Homes, Inc.*, 834 S.E.2d 244, 268 (Va. 2019). Instead, courts should "look[] beyond the four corners of the contract to the 'surrounding circumstances.'" *United States ex rel. Oldham v. Centra Health, Inc.*, 548 F. Supp. 3d 568, 578 (W.D. Va. 2021) (quoting *Tingler*, 834 S.E.2d at 268).

Upon review of Plaintiff's allegations and the Agreement,[3] the Court concludes

[3] Plaintiff provided an unsigned copy of the Agreement (Doc. No. 52-1 at 35–40) and the parties do not dispute the Magistrate Judge's reliance on this exhibit.

that Plaintiff fails to plausibly allege that BRCA and Chippenham "clearly and definitely intended" to confer benefits upon Plaintiff as an intended third-party beneficiary to the Agreement. *Ashmore*, 475 S.E.2d at 275.

Looking first at the language of the Agreement, it states that it "is entered into by and between" Chippenham and BRCA.[4] (Doc. No. 52-1 at 35). The Agreement does not name Plaintiff as a party. The Agreement obligates BRCA to "provide an Interim Burn/Wound Program Manager (the 'Manager')" who will perform various services at Chippenham's hospital. *Id.* The Agreement never lists the Manager by name nor requires that BRCA fill the Manager position with any specific person. *See id.* Rather, the Agreement obligates BRCA to provide a Manager that meets certain criteria and provides specified services to Chippenham. *Id.* at 35–36. Regarding compensation, the Agreement outlines a compensation structure under which Chippenham would compensate BRCA for providing the outlined services. *Id.* at 36–37. Chippenham has no contractual obligation to pay money directly to the Manager under the Agreement. *See id.* Further, the Agreement was expressly entered into "for the purpose of obtaining certain Interim Burn/Wound Program Manager services"—not for the benefit of Plaintiff. *Id.* at 35. The Court concludes that the language of the Agreement makes clear that neither BRCA nor Chippenham intended Plaintiff to receive any benefit under the Agreement.

Turning to Plaintiff's allegations outside the text of the Agreement, Plaintiff

[4] The Agreement identifies Chippenham as the "Facility" and BRCA as the "Consultant." The Court will use the parties' names and their identifications interchangeably when referencing the Agreement.

alleges the following to establish that she is an intended third-party beneficiary of the contract:

- BRCA needed a "qualified clinical personnel . . . to meet its regulatory requirements for operating a burn center at Chippenham" (Doc. No. 52 ¶ 39);
- "After conducting a national search, [Chippenham] identified [Plaintiff] as the only qualified candidate [to serve as the clinical lead for the burn center] and contacted BRCA to arrange for her to be assigned to [Chippenham]," *id.* ¶ 40;
- Plaintiff "was allowed only limited involvement in the negotiations of her employment agreement but was consulted on certain [] terms" of the Agreement because her "personal participation and consent was a necessary and integral part of the three-way arrangement between her, BRCA, and [Chippenham]," *id.* ¶ 43;
- There was an "expectation that [Chippenham] would acquire the burn center at its Chippenham hospital location, as soon as [Chippenham] passed the state survey, with the assistance of [Plaintiff]," *id.* ¶ 53;
- Chippenham and BRCA "needed [Plaintiff] to serve as the nursing lead for the . . . burn center for one year to demonstrate BRCA's value by assisting [Chippenham] in obtaining full regulatory status and getting the Chippenham burn center up and running," *id.* ¶ 57; and
- Plaintiff "was an intended third-party beneficiary" of the Agreement," *id.* ¶ 43.

Construing the Amended Complaint liberally, Plaintiff's allegations do not change the Court's conclusion that Plaintiff fails to plausibly allege that Defendants considered the Agreement to be made for Plaintiff's benefit. Rather, BRCA and Chippenham contracted with the aim of benefiting each other. Plaintiff surely "stood to benefit" from the Agreement, but that does not make her an intended third-party beneficiary. *Food Lion, Inc. v. S.L. Nusbaum Ins. Agency, Inc.*, 202 F.3d 223, 229 (4th

Cir. 2000). And that Defendants identified Plaintiff prior to the formation of the Agreement as the person who would fill the Manager position under the Agreement "may have added to [Chippenham]'s comfort in being assured that performance of the contract would be satisfactorily completed," but it does not establish that BRCA and Chippenham entered into the contract to benefit Plaintiff or any other BRCA employee. *BIS Computer Sols., Inc.* 122 F. App'x at 612. Indeed, there is a "'critical difference' between merely being a person or entity that will benefit from an agreement between other parties, and the very different situation in which a contract is entered into with the express purpose of conferring a benefit on a third party." *Env't Staffing Acquisition Corp.*, 725 S.E.2d at 555. Plaintiff was simply an incidental beneficiary of the contract in that she was the BRCA employee designated to perform BRCA's contractual obligations. *See, e.g., BIS Computer Sols.,* 122 F. App'x at 612 (a subcontractor hired to perform under a construction contract is not a third-party beneficiary to that contract).

For these reasons, the Court will not adopt the recommendation of the Magistrate Judge and will instead dismiss Count III, Plaintiff's claim for breach of contract.

### C. Count I: Wrongful Termination, Count II: Civil Conspiracy, and Plaintiff's Motion for Leave to File Third Amended Complaint

The M&R recommends that this Court dismiss Counts I and II for Plaintiff's failure to plead or identify a specific North Carolina public policy when she alleges wrongful termination of employment in violation of North Carolina policy. (Doc. No. 71 at 5–6). Plaintiff objects to the Magistrate Judge's recommendation that Counts I

and II be dismissed with prejudice without permitting her to make a targeted amendment identifying the Nursing Practice Act as the specific expression of North Carolina public policy at issue in this case. (Doc. No. 76 at 3). Plaintiff further briefs how the allegations in her Second Amended Complaint fall within the framework of the Nursing Practice Act without further amendment. *Id.* at 6–7. To that end, Plaintiff files a Motion for Leave to File Third Amended Complaint to fix the deficiencies highlighted by the Magistrate Judge—that is, the lack of a specific policy. (Doc. No. 75). Plaintiff does not otherwise make any substantive objection to the Magistrate Judge's recommendation that her claim fails for lack of identifying a policy.

Because Plaintiff has not substantively objected to the Magistrate Judge's conclusion that she needs to have specifically pled a North Carolina policy, the Court will treat her lack of objection as an agreement with that conclusion of the Magistrate Judge. *See Thomas v. Arn*, 474 U.S. 140, 149–52 (1985). Upon review of that portion of the M&R, the Court finds that the Magistrate Judge did not clearly err in recommending that Counts I and II be dismissed for failure to specifically plead a North Carolina policy. The Court will thus turn Plaintiff's motion for leave to amend to file a Third Amended Complaint that cures the deficiencies outlined by the Magistrate Judge.

At this stage, Plaintiff may only amend her complaint by consent of the opposing parties or by leave of this Court. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave [to amend] when justice so requires." *Id.* Although such motions are

liberally granted, a district court may deny based on undue delay, bad faith or dilatory motive, repeated failure to cure pleading deficiencies, undue prejudice, or futility of amendment. *See Googerdy v. N.C. Agr. & Tech. State Univ.*, 386 F. Supp. 2d 618, 623 (M.D.N.C. 2005). Here, the Court concludes that granting Plaintiff leave to file a third amended complaint is not warranted.

First, the Motions to Dismiss identifying the exact deficiency Plaintiff seeks to cure have been pending for approximately a year and a half. Rather than seeking leave to cure the deficiencies then, Plaintiff waited a year and a half, until the Magistrate Judge issued an M&R recognizing the same deficiency, to seek leave to amend. "The court cannot allow Plaintiff to amend simply to defeat Defendant[s'] motion to dismiss." *Googerdy*, 386 F. Supp. 2d at 623; *see also Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 292 (4th Cir. 2018) (a dispositive motion is not "a 'dry run' for the nonmovant to 'wait and see' what the district court will decide before requesting leave to amend").

Second, this case has been pending in this district for over three years. "Prejudice to the opposing party 'will often be determined by the nature of the amendment and its timing.'" *Adbul-Mumit*, 896 F.3d at 293. While it is true that formal merits discovery has been limited, a case that has been pending on the federal docket for over three years can hardly be deemed "early," as Plaintiff asserts. The prolonged history of this case combined with Plaintiff's apparent dilatoriness weigh heavily against granting leave to file yet another amended complaint.

Third, the proposed Third Amended Complaint asserts no newly discovered

facts, nor have the facts underlying Plaintiff's claims changed. Indeed, Plaintiff offers no compelling reason why she could not have asserted her statutory references to the North Carolina Nursing Practice Act earlier in this matter. Rather, Plaintiff seeks solely to cure the deficiencies Defendants outlined a year and a half ago. This tells the Court "that the proposed amendment is both dilatory and in bad faith." *Bailey v. Polk Cnty., N.C.*, No. 1:10CV264-MR, 2011 WL 4565449, at *5 (W.D.N.C. Sept. 29, 2011) (denying motion to amend where the plaintiff sought only to address deficiencies outlined by the Magistrate Judge).

"Rule 15 is not designed to allow a plaintiff to repeatedly amend his or her pleadings in the face of motions to dismiss and/or Court Orders dismissing claims until the plaintiff can 'get it right.' This is especially true in a case such as this that is over three years old." *Performance Sales & Mktg., LLC v. Lowe's Cos., Inc.*, No. 5:07CV140, 2011 WL 13227840, at *2 (W.D.N.C. May 27, 2011) (citing *United States v. Regents of the Univ. of Cal.*, 363 F.3d 398, 404 (5th Cir. 2004)). Allowing a third amended complaint in this matter would prejudice Defendants and simply serve to further delay this case. Accordingly, the Court will deny Plaintiff's Motion for Leave to File Third Amended Complaint (Doc. No. 75) and dismiss Counts I and II.

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R (Doc. No. 71) is **ADOPTED IN PART** and **NOT ADOPTED IN PART**;
2. Defendant BRCA's Motion to Dismiss (Doc. No. 58) is **GRANTED**;

3. Chippenham's Motion to Dismiss (Doc. No. 62) is **GRANTED IN PART and DENIED IN PART**;

4. Counts I, II, III, V, and VI are **DISMISSED**; and

5. This case shall **proceed toward trial on the merits of the remaining claim, Count IV,** in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED.**

Signed: September 18, 2026

Matthew E. Orso
United States District Judge